UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMIAH SCHWANKE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-00643-WTL-TAB ) |
| CORIZON HEALTH, INC., IPPEL Dr., LOVERIDGE Dr., HANNAH WINNINGHAM, GLOVER, MICHAEL MITCHEFF D.O., | ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening**

The plaintiff, Jeremiah Schwanke ("Mr. Schwanke"), is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Schwanke names the following defendants: 1) Corizon Health, Inc.; 2) Dr. Ippel; 3) Dr. Loveridge; 4) Hannah Winningham; 5) N. P. Glover; 6) and Michael Mitcheff. He seeks compensatory, punitive, and nominal damages, and a permanent injunction requiring defendants to provide him with all prescribed necessary medical treatment.

Mr. Schwanke alleges that he accidentally spilled extremely hot chili on his right arm on or about March 24, 2015, causing severe third degree burns, scars, nerve damage, and diminished range of motion in that arm.

He alleges that a few days after the injury, he saw Dr. Loveridge who prescribed pain medications and antibiotics and ordered regular bandaging. Months later, Dr. Loveridge ordered ten sessions of physical therapy, but Mr. Schwanke only received four or five of the sessions. Dr. Loveridge explained that the reason Mr. Schwanke did not receive all ten sessions was because the prison did not have a therapist. Dr. Loveridge also ordered plastic surgery for Mr. Schwanke's arm to remove the extensive scar tissue, restore some range of motion, and eliminate the chronic nerve pain. Mr. Schwanke has not yet had the surgery.

The allegations against Dr. Loveridge do not state a claim of deliberate indifference to a serious medical need. Rather, the allegations reflect that Dr. Loveridge was responsive to Mr. Schwanke's arm injury and prescribed pain medication, antibiotics, physical therapy, and surgery. Accordingly, the claim against Dr. Loveridge is **dismissed for failure to state a claim upon which relief can be granted.** No partial final judgment shall issue at this time regarding the dismissal of this claim.

Mr. Schwanke alleges that although Dr. Loveridge ordered plastic surgery a few months after the injury, defendants Michael Mitcheff, Glover, Winningham, and Dr. Ippel have knowingly failed to resubmit the request or grant the request to ensure that Mr. Schwanke have the surgery.

Mr. Schwanke alleges that Corizon Health, Inc., failed to provide sufficient staff to provide him with the prescribed physical therapy sessions. He further alleges that Corizon Health, Inc. is aware that its employees have refused to provide treatment for pain but that because of its for-profit model, it has failed to ensure that he receive adequate and effective treatment for his extreme nerve pain.

Mr. Schwanke alleges that he has informed Dr. Ippel of his chronic, severe nerve pain in his right arm but that the physician refuses to prescribe nerve pain medication.

## II. Further Proceedings

Given the foregoing, the claims of deliberate indifference to Mr. Schwanke's serious medical needs brought against defendants Corizon Health, Inc., Dr. Ippel, Hannah Winngham, Nurse Practitioner Glover, and Michael Mitcheff **shall proceed**.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Corizon Health, Inc.; 2) Dr. Ippel; 3) Hannah Winningham; 4) N. P. Glover; and 5) Michael Mitcheff in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Mr. Schwanke continues to have **through May 31, 2017,** in which to pay the initial partial filing fee of Nineteen Dollars and Forty-Five Cents ($19.45) to the clerk of the district

court. Failure to pay the initial partial filing fee as directed in this Entry could result in the dismissal of the action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED.**

Date: 5/17/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEREMIAH SCHWANKE
199505
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Corizon Health, Inc.
Dr. Ippel
Hannah Winningham
Nurse Practitioner Glover
Michael Mitcheff

All in c/o:   Corizon Health
              103 Powell Court
              Brentwood, TN  37027

Courtesy copy to:

Jeb Adam Crandall
Bleeke Dillon Crandall Attorneys
8470 Allison Pointe Blvd, Suite 420
Indianapolis, IN 46250